**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

02/03/15

**DORIAN E. RAMIREZ, CLERK**
**BY** Delia S. Rodriguez

ACCEPTED
13-14-00329-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/3/2015 5:51:57 PM
DORIAN RAMIREZ
CLERK

NO. 13-14-00329-CV

\* \* \*

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/3/2015 5:51:57 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
THIRTEENTH COURT OF APPEALS DISTRICT
CORPUS CHRISTI, TEXAS

\* \* \*

ALBERTO R. GARZA, ET AL.,
*Appellants*

V.

MELDEN & HUNT, INC.,
*Appellee*

\* \* \*

**AMENDED BRIEF OF APPELLEE**

\* \* \*

GONZALEZ, CHISCANO, ANGULO &
KASSON, P.C.
Henry B. Gonzalez III
State Bar No. 00794952
Taylor Williams
State Bar No. 24056536
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216
(210) 569-8500
(210) 569-8490 (telecopier)
hbg@gcaklaw.com
twilliams@gcaklaw.com

THE LAW OFFICE OF JACQUELINE M.
STROH, P.C.
Jacqueline M. Stroh
State Bar No. 00791747
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)
jackie@strohappellate.com

ATTORNEYS FOR APPELLEE, MELDEN & HUNT, INC.

**APPELLEE CONDITIONALLY REQUESTS ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Texas Rule of Appellate Procedure 38.1(a), Appellee presents the following list of all parties to the judgment and their counsel:

**1.**    **Appellants/Plaintiffs Below**

Alberto R. Garza
Leticia I. Garza

**2.**    **Counsel for Appellants**

| | |
|---|---|
| Alberto T. Garcia, III | **Trial/Appellate Counsel** |
| Adrian R. Martinez | |
| Garcia & Martinez, L.L.P. | |
| 6900 N. 10th Street, Suite 2 | |
| McAllen, Texas 78504 | |
| albert@garmtzlaw.com | |
| adrian@garmtzlaw.com | |

**3.**    **Appellee/Defendant Below**

Melden & Hunt, Inc.

**4.**    **Counsel for Appellee**

| | |
|---|---|
| Henry B. Gonzalez III | **Trial/Appellate Counsel** |
| Taylor Williams | |
| Gonzalez, Chiscano, Angulo & Kasson, P.C. | |
| 613 N.W. Loop 410, Suite 800 | |
| San Antonio, Texas 78216 | |
| hbg@gcaklaw.com | |
| twilliams@gcaklaw.com | |

| | |
|---|---|
| Jacqueline M. Stroh | **Appellate Counsel** |
| The Law Office of Jacqueline M. Stroh, P.C. | |
| 10101 Reunion Place, Suite 600 | |
| San Antonio, Texas 78216 | |
| jackie@strohappellate.com | |

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ................................................................................ iii

INDEX OF AUTHORITIES .......................................................................... vii

STATEMENT OF THE CASE .........................................................................xi

STATEMENT REGARDING ORAL ARGUMENT ........................................ xvii

RESPONSIVE ISSUES PRESENTED ........................................................... xviii

**Issue No. 1:**

Whether the Court should affirm the trial court's summary judgment in its entirety.

The Garzas failed to challenge every summary-judgment ground asserted by Melden & Hunt and, thus, failed to challenge every ground on which the trial court's general summary-judgment grant rests. Included among those grounds is the binding effect of the Court's prior opinion on the legal question of accrual pursuant to the law-of-the-case doctrine and the resultant limitations bar to all of the Garzas' claims. Even assuming the Garzas had lodged an appellate challenge to that ground, they nevertheless waived review by failing to assert any challenge below in their summary-judgment response. Instead, they rightly admitted the opinion's binding and preclusive effect.

Moreover, the Garzas waived the only appellate point they present on appeal to challenge the summary judgment on limitations regarding the characterization of the nuisance as temporary. Below, the Garzas never complained in their summary-judgment response that the nuisance in question should be characterized as temporary, never argued for application of different accrual principles, and never argued for use of a different accrual date other than the one employed

iii

by Melden & Hunt. They never identified the existence of any fact issue; rather, they conceded and admitted both the permanent nature of the nuisance and the propriety of summary-judgment on limitations. Regardless, even if the Court were to review the Garzas' otherwise inadequately briefed point, Melden & Hunt established its entitlement to judgment as a matter of law by arguing limitations as applicable to their nuisance claim and by proving accrual nearly a decade before suit was filed. The Garzas' own testimony admitted chronic flooding to their property and home on a virtually annual basis both before and after suit, allegedly from a permanent source – establishing the permanent nature of the claimed nuisance as a matter of law. .............................................................................................. xviii

**Issue No. 2:**

Whether, at the least, the Court should affirm the trial court's summary judgment on the Garzas' claim for exemplary damages.

In response to Melden & Hunt's no-evidence motion on the Garzas' claim for exemplary damages, the Garzas offered only a general reference to the entirety of their summary-judgment evidence, with no identification of which portions of that evidence purportedly raised fact issues and with no delineation of what specific fact issues that evidence supposedly raised. Additionally, the Garzas failed to plead any basis for imputing liability for exemplary damages to the corporate entity, failed to offer any response to Melden & Hunt's no-evidence motion on any imputation theory, and failed to make any appellate challenge on that ground. Finally, the evidence cited in the Garzas' opening brief and otherwise offered by the Garzas is incompetent and/or wholly insufficient to constitute any evidence – much less clear and convincing evidence – of malice and gross negligence. .............................................................................................. xviii

RESPONSE TO APPELLANTS' STATEMENT OF FACTS ................................1

SUMMARY OF THE ARGUMENT ....................................................................4

ARGUMENT AND AUTHORITIES ....................................................................8

I.     The Trial Court's Summary Judgment in Favor of Melden & Hunt Should Be Affirmed in Its Entirety ................................................................8

II.    The Garzas Have Failed to Demonstrate Error in the Trial Court's Summary Judgment Grounded in Limitations ...........................................11

       A.     The Garzas Have Failed to Attack All Bases for the Trial Court's Summary Judgment – Most Notably, the Preclusive Effect of This Court's Prior Opinion on Accrual – and the Summary Judgment in Melden & Hunt's Favor Must Therefore Be Affirmed..................................................................................11

       B.     Even Assuming the Garzas' Appeal Encompasses a Challenge to the Preclusive Effect of This Court's Prior Opinion on Accrual, the Trial Court's Judgment Must Still Be Affirmed ............13

       C.     The Garzas Concede That the Trial Court Properly Granted Summary Judgment on Virtually All of Their Claims and Neglected to Raise Below (and Have Thus Waived) the Only Issue in Avoidance They Now Assert on Appeal ............................17

              1.     The Garzas Failed to Assert Any Argument in Response to the Summary Judgment That Its Nuisance Claim Should Be Governed by Different Accrual Principles .............17

              2.     Regardless, Any Existent Nuisance Is Permanent as a Matter of Law and Accrued with the First Flooding Event, Which Occurred in 2000 at the Latest – Nearly a Decade before the Garzas Filed Suit – Even Indulging the Garzas' Inadequate Briefing ................................................22

III.   The Garzas Have Also Failed to Demonstrate Error in the Trial Court's Summary Judgment on Their Claim for Exemplary Damages ........33

       A.     Because the Garzas Have No Claim for Actual Damages, the Summary Judgment on Their Claim for Exemplary Damages Must Be Affirmed........................................................................33

       B.     Even Assuming That the Court Would Reverse the Trial Court's Judgment on the Garzas' Nuisance Claim, Contrary to

the Court's Prior Opinion, the Garzas' Concessions and Admissions, Governing Case Law, and the Record Evidence, the Garzas Nevertheless Cannot Prevail on Their Claim for Exemplary Damages ...................................................................35

    1.    The Garzas Nowhere Pled or Offered Evidence to Impute Liability for Exemplary Damages to Melden & Hunt..............35

    2.    The Garzas Failed to Explain in Their Response, Beyond a General Reference to Their Summary-Judgment Evidence, the Existence of Any Fact Issues on Their Claim for Exemplary Damages and, Again, Present Nothing for Review .................................................................37

    3.    The Governing Standard of Review of Melden & Hunt's No-Evidence Motion on Malice and Gross Negligence Should Require Clear and Convincing Evidence.....................40

    4.    The Garzas Failed to Raise a Fact Issue on Malice or Gross Negligence.................................................................43

PRAYER ........................................................................................48

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION .........................................................................49

CERTIFICATE OF SERVICE........................................................49

APPENDIX ........................................................... A-1 to A-2

*Melden & Hunt, Inc. v. Garza*, No. 13-11-00594-CV, 2013 WL 3517743 (Tex. App. – Corpus Christi, Jul. 11, 2013, no pet.) (mem. op.) ....................................... A-1

TEX. R. CIV. P. 166a................................................................. A-2

# INDEX OF AUTHORITIES

**Page**

## CASES

*Affordable Motor Co., Inc. v. LNA, LLC*,
   351 S.W.3d 515 (Tex. App. – Dallas 2011, pet. denied) ...................................21

*AGD, L.P. v. Quest Principal Investments, Inc.*,
   No. 13-12-00720-CV, 2014 WL 6602314
   (Tex. App. – Corpus Christi, Nov. 20, 2014, no pet.) ..................................21, 22

*Baldwin v. Northrop Grumman Information Technology*,
   No. 03-09-00654-CV, 2011 WL 182880
   (Tex. App. – Austin, Jan. 21, 2011, no pet.) (mem. op.) ...................................13

*Baxter v. Gardere Wynne Sewell LLP*,
   182 S.W.3d 460 (Tex. App. – Dallas 2006, pet. denied) .............................20, 22

*Branton v. Wood*,
   100 S.W.3d 645 (Tex. App. – Corpus Christi 2003, no pet.) ............................46

*Briscoe v. Goodmark Corp.*,
   102 S.W.3d 714 (Tex. 2003).............................................................................14

*City of Amarillo v. Ware*,
   120 Tex. 456, 40 S.W.2d 57 (1931) ..................................................................27

*City of Houston v. Precast Structures, Inc.*,
   60 S.W.3d 331 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) ...............16

*City of Princeton v. Abbott*,
   792 S.W.2d 161 (Tex. App. – Dallas 1990, writ denied) ...................................29

*Clawson v. Wharton County*,
   941 S.W.2d 267 (Tex. App. – Corpus Christi 1996, writ denied) ......................36

*Columbia Medical Ctr. of Las Colinas, Inc. v. Hogue*,
   271 S.W.3d 238 (Tex. 2008)..........................................................................40, 46

*Cornerstones Mun. Utility Dist. v. Monsanto Co.*,
  889 S.W.2d 570 (Tex. App. – Houston [14th Dist.] 1994, writ denied)..............21

*D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*,
  300 S.W.3d 740 (Tex. 2009) ........................................................................21

*De La Pena v. Elzinga*,
  980 S.W.2d 920 (Tex. App. – Corpus Christi 1998, no pet.) ...........................24

*Desiga v. Scheffey*,
  874 S.W.2d 244 (Tex. App. – Houston [14th Dist.] 1994, no writ) ...................26

*DR Partners v. Floyd*,
  228 S.W.3d 493 (Tex. App. – Texarkana 2007, pet. denied) .............................42

*Durden v. City of Grand Prairie*,
  626 S.W.2d 345 (Tex. App. – Fort Worth 1981, writ ref'd n.r.e.) .....................29

*Fein v. R.P.H., Inc.*,
  68 S.W.3d 260 (Tex. App. – Houston [14th Dist.] 2002, pet. denied) ...............41

*FFE Transp. Servs., Inc. v. Fulgham*,
  154 S.W.3d 84 (Tex. 2004)...........................................................................45

*Forbes, Inc. v. Granada Biosciences, Inc.*,
  124 S.W.3d 167 (Tex. 2003).................................................................42, 43

*Fort Worth Star-Telegram v. Street*,
  61 S.W.3d 704 (Tex. App. – Fort Worth 2001, pet. denied) .............................42

*Freedom Newspapers of Tex. v. Cantu*,
  168 S.W.3d 847 (Tex. 2005).........................................................................43

*Gomez de Hernandez v. Bridgestone/Firestone N. Am. Tire, L.L.C.*,
  204 S.W.3d 473 (Tex. App. – Corpus Christi 2006, pet. denied)......................34

*Graham v. Pirkey*,
  212 S.W.3d 507 (Tex. App. – Austin 2006, no pet.) .......................................19

*Gray v. Woodville Health Care Ctr.*,
225 S.W.3d 613 (Tex. App. – El Paso 2006, pet. denied)..................................30

*Guevara v. Lackner*,
447 S.W.3d 566 (Tex. App. – Corpus Christi 2014, no pet.) .............................39

*Hammerly Oaks, Inc. v. Edwards*,
958 S.W.2d 387 (Tex. 1997).............................................................................35

*Hardy v. Bennefield*,
368 S.W.3d 643 (Tex. App. – Tyler 2012, no pet.) ...........................................42

*HECI Exploration Co. v. Neel*,
982 S.W.2d 881 (Tex. 1998)...........................................................................19

*HIS Cedars Treatment Ctr. v. Mason*,
143 S.W.3d 794 (Tex. 2004)...........................................................................45

*Holt v. Hale*,
No. 04-14-00113-CV, 2014 WL 5838937
(Tex. App. – San Antonio, Nov. 12, 2014, no pet.) (mem. op.) ..........................36

*Huckabee v. Time Warner Entertainment Co.*,
19 S.W.3d 413 (Tex. 2000)..............................................................................42

*Hyman Farm Serv., Inc. v. Earth Oil & Gas Co., Inc.*,
920 S.W.2d 452 (Tex. App. – Amarillo 1996, no writ) ......................................36

*In re C.J.F.*,
134 S.W.3d 343 (Tex. App. – Amarillo 2003, pet. denied) ...............................41

*In re Guardianship of Cantu de Villarreal*,
330 S.W.3d 11 (Tex. App. – Corpus Christi 2010, no pet.) ...............................14

*In re J.F.C.*,
96 S.W.3d 256 (Tex. 2002)...............................................................41, 42, 43

*In re K.M.S.*,
91 S.W.3d 331 (Tex. 2002)..............................................................................16

ix

*JPMorgan Chase Bank, N.A. v. Professional Pharmacy II*,
  ___ S.W.3d ___, 2014 WL 7473779
  (Tex. App. – Fort Worth, Dec. 31, 2014, no pet. h.)............................................19

*King Ranch, Inc. v. Chapman*,
  118 S.W.3d 742 (Tex. 2003)............................................................................41

*Klentzman v. Brady*,
  312 S.W.3d 886 (Tex. App. – Houston [1st Dist.] 2009, no pet.) .......................42

*Krueger v. Atascosa County*,
  155 S.W.3d 614 (Tex. App. – San Antonio 2004, no pet.) .................................20

*La Tierra de Simmons Familia, Ltd. v. Main Entertainment, LP*,
  No. 03-10-00503-CV, 2012 WL 753184
  (Tex. App. – Austin, Mar. 9, 2012, pet. denied) (mem. op.)...............................28

*Loram Maintenance of Way, Inc. v. Ianni*,
  210 S.W.3d 593 (Tex. 2006) .............................................................................13

*Malooly Bros., Inc. v. Napier*,
  461 S.W.2d 119 (Tex. 1970) .............................................................................12

*McConnell v. Southside Indep. Sch. Dist.*,
  858 S.W.2d 337 (Tex. 1993) .............................................................................38

*Melden & Hunt, Inc. v. Garza*,
  No. 13-11-00594-CV, 2013 WL 3517743 (Tex. App. –
  Corpus Christi, Jul. 11, 2013, no pet.) (mem. op.)................... vi, 3, 15, 16, 23, 25

*Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*,
  606 S.W.2d 692 (Tex. 1980) .............................................................................24

*Mercier v. Southwestern Bell Yellow Pages, Inc.*,
  214 S.W.3d 770 (Tex. App. – Corpus Christi 2007, no pet.) .............................38

*Mitchell v. Timmerman*,
  No. 03-08-00320-CV, 2008 WL 5423268
  (Tex. App. – Austin, Dec. 31, 2008, no pet.) (mem. op.)...................................28

*Mobil Oil Corp. v. Ellender*,
968 S.W.2d 917 (Tex. 1998)............................................................35

*Moreno v. Sterling Drug, Inc.*,
787 S.W.2d 348 (Tex. 1990).............................................................13

*Murphy v. Reynolds*,
No. 02-10-00229-CV, 2011 WL 4502523
(Tex. App. – Fort Worth 2011, no pet.) (mem. op.)...........................39

*New Times, Inc. v. Isaacks*,
146 S.W.3d 144 (Tex. 2004)............................................................43

*Pardo v. Simons*,
148 S.W.3d 181 (Tex. App. – Waco 2004, no pet.)............................42

*Parkway Co. v. Woodruff*,
857 S.W.2d 903 (Tex. App. – Houston [1st Dist.] 1993),
*aff'd as modified*, 901 S.W.2d 434 (Tex. 1995)................................45

*Pena v. State Farm Lloyds*,
980 S.W.2d 949 (Tex. App. – Corpus Christi 1998, no pet.) ..............12

*Perez v. Perez*,
No. 09-05-00024-CV, 2005 WL 2092807
(Tex. App. – Beaumont, Aug. 31, 2005, no pet.) (mem. op.).............41

*Pisharodi v. Six*,
No. 13-07-00019-CV, 2008 WL 3521330
(Tex. App. – Corpus Christi, Aug. 7, 2008, no pet.) (mem. op.).........13

*Pitman v. Lightfoot*,
937 S.W.2d 496 (Tex. App. – San Antonio 1996, writ denied) .........14

*Pope v. John Kiella Homes*,
No. 07-06-00146-CV, 2008 WL 1903332
(Tex. App. – Amarillo, Apr. 30, 2008, no pet.) (mem. op.) ..............28

*Ramirez v. First Liberty Ins. Corp.*,
___ S.W.3d ___, 2014 WL 6766688
(Tex. App. – El Paso, Dec. 1, 2014, no pet. h.) ................................................37

*Rea v. Coffer*,
879 S.W.2d 224 (Tex. App. – Houston [14th Dist.] 1994, no writ) ...................26

*Rogers v. Ricane Enterprises, Inc.*,
772 S.W.2d 76 (Tex. 1989)................................................................................39

*Rosenthal v. Taylor, B. & H. Ry. Co.*,
79 Tex. 325, 15 S.W. 268 (1891) ......................................................................28

*San Jacinto River Auth. v. Duke*,
783 S.W.2d 209 (Tex. 1990)..............................................................................36

*Sanchez v. Mica Corp.*,
107 S.W.3d 13 (Tex. App. – San Antonio, 2002,
pet. granted; judgmn't vacated in part w.r.m.).....................................................33

*Sandhu v. Pinglia Investments of Tex., L.L.C.*,
No. 14-08-00184-CV, 2009 WL 1795032
(Tex. App. – Houston [14th Dist.], Jun. 25, 2009, pet. denied) (mem. op.) ........38

*Schneider Nat'l Carriers, Inc. v. Bates*,
147 S.W.3d 264 (Tex. 2004)...............................10, 19, 23, 24, 25, 29, 30, 31, 32

*Smith v. O'Donnell*,
288 S.W.3d 417 (Tex. 2009)..............................................................................46

*Southwestern Bell Tel. Co. v. Garza*,
164 S.W.3d 607 (Tex. 2004)..........................................................................40, 41

*State Bd. of Ins. v. Westland Film Indus.*,
705 S.W.2d 695 (Tex. 1986)..............................................................................20

*Sullivan v. Brokers Logistics, Ltd.*,
357 S.W.3d 833 (Tex. App. – El Paso 2012, pet. denied)...................................31

*Tennessee Gas Transmission Co. v. Fromme*,
   153 Tex. 352, 269 S.W.2d 336 (1954) ................................................25

*Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*,
   106 S.W.3d 118 (Tex. App. – Houston [1st Dist.] 2002, pet. denied)................46

*THI of Tex. at Lubbock I, LLC v. Perea*,
   329 S.W.2d 548 (Tex. App. – Amarillo 2010, pet. denied) ...............................35

*Timpte Indus., Inc. v. Gish*,
   286 S.W.3d 306 (Tex. 2009)......................................................................xv

*Transportation Ins. Co. v. Moriel*,
   879 S.W.2d 10 (Tex. 1994).......................................................................47

*Trinity River Auth. v. URS Consultants, Inc.-Tex.*,
   889 S.W.2d 259 (Tex. 1994)...................................................................... 3

*Trousdale v. Henry*,
   261 S.W.3d 221 (Tex. App. – Houston [14th Dist.] 2008, pets. denied)............24

*U-Haul Int'l, Inc. v. Waldrip*,
   380 S.W.3d 118 (Tex. 2012)................................................................40, 44

*Unifund CCR Partners v. Weaver*,
   262 S.W.3d 796 (Tex. 2008).....................................................................12

*Vice v. Kasprzak*,
   318 S.W.3d 1 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) ...................38

*Western Investments, Inc. v. Urena*,
   162 S.W.3d 547 (Tex. 2005)......................................................................37

*Yalamanchili v. Mousa*,
   316 S.W.3d 33 (Tex. App. – Houston [14th Dist.] 2010, pet. denied) ...............28

*Zacharie v. U.S. Natural Resources, Inc.*,
   94 S.W.3d 748 (Tex. App. – San Antonio 2002, no pet.) ................................25

## STATUTES

TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2002) ......................................18

TEX. CIV. PRAC. & REM. CODE § 17.565 (West 2011) .........................................19

TEX. CIV. PRAC. & REM. CODE § 41.001(2) (West 2014)......................................40

TEX. CIV. PRAC. & REM. CODE § 41.001(7) (West 2014)......................................44

TEX. CIV. PRAC. & REM. CODE § 41.001(11) (West 2014)....................................44

TEX. CIV. PRAC. & REM. CODE § 41.003(a)(3) (West 2014)..................................40

TEX. CIV. PRAC. & REM. CODE 150.001 (West 2011) ..........................................15

TEX. CIV. PRAC. & REM. CODE 150.002 (West 2011) .................................2, 15, 16

TEX. CIV. PRAC. & REM. CODE 150.002(a) (West 2011) .......................................15

TEX. CIV. PRAC. & REM. CODE 150.002(b) (West 2011).......................................15

## RULES

TEX. R. APP. P. 9.4(i).................................................................................48

TEX. R. APP. P. 38.1(a) ............................................................................... ii

TEX. R. APP. P. 38.1(i)..........................................................................29, 45

TEX. R. CIV. P. 166a ................................................................................. vi

TEX. R. CIV. P. 166a(c)........................................................................13, 18, 37

TEX. R. CIV. P. 301..................................................................................41

# STATEMENT OF THE CASE

*Nature of the Case:*  Plaintiffs, Alberto R. Garza and Leticia I. Garza, along with their children, filed suit against Melden & Hunt, Inc. (among others) on April 22, 2008, seeking monetary relief and asserting claims for negligence, negligent misrepresentation, nuisance, and DTPA violations.  (*CR 47-53*)[1]  The Garzas later added a claim against Melden & Hunt for an alleged violation of the Texas Water Code.  (*CR 99; SCR 18*)  All of the Garzas' claims were based on Melden & Hunt's preparation of a survey of their subdivision and arose out of the flooding of their property, which first occurred in 1999 or 2000.  (*CR 48, 80, 95-96*)

*Trial court*:  The Honorable Jaime Tijerina of the 92nd Judicial District Court, Hidalgo County, Texas.

*Trial Court's Disposition:*  The trial court signed an Order Granting Partial Summary Judgment in Favor of Melden & Hunt, Inc. and Granting Motion to Sever on May 16, 2014, rendering a take-nothing judgment only as to the adults' claims.  (*CR 330-33*)  The order in question disposed of all claims asserted by Alberto R. Garza and Leticia I. Garza against Melden & Hunt, and the severance resulted in a final judgment for appeal.  *See, e.g., Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  (*CR 331*)

*Parties in the Court of Appeals:*  The Appellants, Alberto R. Garza and Leticia I. Garza, were Plaintiffs below.  Appellee, Melden & Hunt, Inc., was a Defendant below.

---

[1] Appellee will refer to the clerk's record using the notation "CR," will refer to the supplemental clerk's record using the notation "SCR," will refer to the second supplemental clerk's record as "2 SCR," and will refer to the reporter's record from the summary-judgment hearing as "RR." The relevant page numbers will appear after each reference.

*Requested*
*Disposition from*
*This Court:*          Appellee Melden & Hunt, Inc. requests that the Court affirm the trial court's judgment and that the Court award Appellee its costs on appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Melden & Hunt, Inc. believes that this appeal may be decided in its favor without the need for oral argument. Based on the parties' briefing, the Court has sufficient information to affirm the trial court's judgment based on well-established principles concerning the law-of-the-case doctrine, summary-judgment procedure, error preservation, the Garzas' concessions and admissions, the parties' respective burdens, the characterization of the nuisance in question as permanent as a matter of law, as well as the complete lack of any evidence (much less clear and convincing evidence) of malice or gross negligence. However, to the extent the Court determines that oral argument would be helpful, Appellee would like to participate.

## RESPONSIVE ISSUES PRESENTED

**Issue No. 1:**

Whether the Court should affirm the trial court's summary judgment in its entirety.

The Garzas failed to challenge every summary-judgment ground asserted by Melden & Hunt and, thus, failed to challenge every ground on which the trial court's general summary-judgment grant rests. Included among those grounds is the binding effect of the Court's prior opinion on the legal question of accrual pursuant to the law-of-the-case doctrine and the resultant limitations bar to all of the Garzas' claims. Even assuming the Garzas had lodged an appellate challenge to that ground, they nevertheless waived review by failing to assert any challenge below in their summary-judgment response. Instead, they rightly admitted the opinion's binding and preclusive effect.

Moreover, the Garzas waived the only appellate point they present on appeal to challenge the summary judgment on limitations regarding the characterization of the nuisance as temporary. Below, the Garzas never complained in their summary-judgment response that the nuisance in question should be characterized as temporary, never argued for application of different accrual principles, and never argued for use of a different accrual date other than the one employed by Melden & Hunt. They never identified the existence of any fact issue; rather, they conceded and admitted both the permanent nature of the nuisance and the propriety of summary-judgment on limitations. Regardless, even if the Court were to review the Garzas' otherwise inadequately briefed point, Melden & Hunt established its entitlement to judgment as a matter of law by arguing limitations as applicable to their nuisance claim and by proving accrual nearly a decade before suit was filed. The Garzas' own testimony admitted chronic flooding to their property and home on a virtually annual basis both before and after suit, allegedly from a permanent source – establishing the permanent nature of the claimed nuisance as a matter of law.

**Issue No. 2:**

Whether, at the least, the Court should affirm the trial court's summary judgment on the Garzas' claim for exemplary damages.

In response to Melden & Hunt's no-evidence motion on the Garzas' claim for exemplary damages, the Garzas offered only a general reference to the entirety of

their summary-judgment evidence, with no identification of which portions of that evidence purportedly raised fact issues and with no delineation of what specific fact issues that evidence supposedly raised. Additionally, the Garzas failed to plead any basis for imputing liability for exemplary damages to the corporate entity, failed to offer any response to Melden & Hunt's no-evidence motion on any imputation theory, and failed to make any appellate challenge on that ground. Finally, the evidence cited in the Garzas' opening brief and otherwise offered by the Garzas is incompetent and/or wholly insufficient to constitute any evidence – much less clear and convincing evidence – of malice and gross negligence.

**RESPONSE TO APPELLANTS' STATEMENT OF FACTS**

Melden & Hunt, Inc. is a Texas corporation that provides professional surveying and engineering services. (*CR 76*) In the context of this case, Melden & Hunt performed surveying work in connection with the Chateau Estates subdivision in Edinburg, Texas. (*CR 76*) Melden & Hunt completed the survey field work on April 24, 1997 and reduced the results of the survey to a written plat on April 27, 1997. (*CR 76*) A final copy of the plat was submitted for final approval and recordation on October 3, 1997. (*CR 76, 78*) Melden & Hunt had no duties with respect to the construction of houses on the project. (*CR 76*)

On November 18, 1998, Alberto Garza purchased a home in Chateau Estates subdivision from Burch Construction, Inc. (*CR 80*) In 1999 or 2000, Mr. Garza testified that he first noticed ponding occurring in his backyard, prompting him to contact the builder for a solution. (*CR 60, 69, 80*) Thereafter, Mr. Garza offered proof that his and his wife's property and home experienced "chronic" flooding and "repeated severe flooding of their home on numerous occasions." (*CR 121, 131, 217*)

Specifically, Mr. Garza testified on March 25, 2010 that he had experienced flooding of his property that infiltrated his home – his kitchen, his living room, his master bedroom – during the past 11 years on at least an annual basis, the only exception being during the first two or three years during a drought. (*2 SCR 24-*

1

*26)* He produced annotated photographs in 2010 that again represented he had experienced flooding of his home for the past 10 years. (*2 SCR 46-48, 52, 59*) His former neighbor confirmed that Mr. Garza complained to him about water from the backyard coming inside the home and flooding the family room at some point prior to December 2004 and that Mr. Garza constructed a berm at some point prior to March 2005 to help alleviate the flooding. (*CR 60, 69; 2 SCR 69-77*) Mr. Garza also testified to instances of water intrusion prior to two additional flooding events in August 2007 and again in 2008. (*CR 80, 131*)

Ultimately, the Garzas, along with their minor daughters, filed suit against Melden & Hunt, Inc.; Gary Burch, individually, and Burch Construction, Inc. on April 22, 2008. (*CR 47-53*) Gary Burch was later dropped from the litigation. (*CR 94-102*) By their complaint, the Garzas alleged theories against Melden & Hunt for negligence, negligent misrepresentation, nuisance, DTPA violations, and, ultimately, violations of the Texas Water Code. (*CR 47-53, 94-102; SCR 13-20*) In their first and subsequent pleadings, the Garzas asserted that their home flooded on several occasions, resulting in a total loss of value. (*CR 49, 96; SCR 15*) Later, Mr. Garza testified to post-suit and continuing problems with the flooding of his property. (*CR 199*)

When the Garzas originally filed suit against Melden & Hunt, they failed to include a certificate of merit as required by section 150.002 of the Texas Civil

Practice & Remedies Code. (*CR 47-53*) Melden & Hunt moved to dismiss the Garzas' claim, which the trial court denied. *Melden & Hunt, Inc. v. Garza*, No. 13-11-00594-CV, 2013 WL 3517743, *1 (Tex. App. – Corpus Christi, Jul 11, 2013, no pet.) (mem. op.). Melden & Hunt then appealed the denial of their motion to dismiss to the Thirteenth Court of Appeals. However, the Court held that, in order for it to have jurisdiction over the interlocutory appeal under chapter 150, the Garzas' cause of action had to have accrued on or after September 1, 2005. *Id.* at *2. The Court addressed directly when the Garzas' claim accrued and held that the Garzas' "cause of action accrued before September 1, 2005." *Id.*

Upon issuance of the Court's mandate, Melden & Hunt moved for summary judgment on limitations only as to the adult Garzas' claims, arguing the preclusive effect of the Court's prior opinion on accrual and establishing the accrual date as a matter of law regardless. (*CR 62, 65-92*) Melden & Hunt also moved for a no-evidence summary judgment on the Garzas' claim for exemplary damages. (*SCR 21-30*) The Garzas responded to the limitations grounds by (wrongly) asserting that the statute of repose[2] preempted the applicable limitations provision and thereby *extended* the limitations period from two to ten years. (*CR 108-09*) In answer to Melden & Hunt's no-evidence motion on exemplary damages, the

_____

[2] "Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action" and vests in the defendant a substantive right against the threat of claims. *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 259, 261 (Tex. 1994).

3

Garzas made a single, blanket reference to the entirety of their summary-judgment evidence – never discussing the existence of any specific fact issue or addressing any particular portion of the evidence. (*CR 109-10*) Additionally, the response asserted that the Garzas' home flooded "from even moderately heavy rainfall [and] has suffered substantial damage and a total loss in value." (*CR 104*)

The trial court held a hearing on April 16, 2014 on both Melden & Hunt's and Co-Defendant Burch Construction, Inc.'s summary-judgment motions. (*RR*) At the hearing, counsel for the Garzas acknowledged both that the Court's prior opinion had "crystallized" the limitations issue (*RR 15-16*) and that application of a two-year limitations period "could be very determinative of a lot of the causes of action in this case. If it's the 10 year [statute of repose] we've got a case that's going forward and should be tried." (*RR 61*) Thereafter, the trial court signed an Order Granting Partial Summary Judgment in Favor of Defendant Melden & Hunt, Inc. and Granting Motion to Sever on May 16, 2014. (*CR 330-33*) This appeal followed. (*CR 330-33*)

## SUMMARY OF THE ARGUMENT

In an argument of less than nine pages, the Garzas seek to convince the Court that the trial court erred in granting summary judgment in favor of Melden & Hunt. The Garzas' curt discussion, however, neglects to inform the Court that the Garzas, through their procedural failings, have presented nothing for review.

4

Moreover, their facile take on the law of nuisance and on the summary judgment evidence fall far short of demonstrating reversible error.

Melden & Hunt moved for summary judgment on limitations based both on the Court's prior opinion determining accrual as a matter of law and on Melden & Hunt's own independent demonstration of accrual more than two years prior to suit (two years being the applicable limitations period). The Garzas have attacked only the latter ground. Both on appeal and in the trial court, the Garzas never mentioned or acknowledged the Court's prior opinion, except in their concession that the Court's earlier decision had "crystallized" the limitations issues. Given their concession and the lack of any challenge, the Court has no choice but to affirm. Indeed, absent any new or additional facts, legal analysis, or argument that would cast doubt on the Court's earlier disposition (of which the Garzas offered none), the Court's prior opinion binds as a matter of law pursuant to the law-of-the-case doctrine.

In the only appellate challenge lodged as to limitations, the Garzas challenge the trial court's summary-judgment ruling only as to their nuisance claim – conceding the propriety of the grant on all other claims and the sufficiency of Melden & Hunt's summary-judgment showing. With respect to their nuisance claim, the Garzas contend that the nuisance in question is temporary rather than permanent, resulting in the application of different accrual principles and a

5

subsequent accrual date. But the Garzas never made any such argument below. Rather, their pleadings affirmatively acknowledged the chronic and repeated flooding events they claim to have suffered, both to their property and to their home. Indeed, their counsel expressly conceded at the summary-judgment hearing that, should the Court apply the applicable two-year limitations period, the Garzas' claims could not survive.

To avoid their resultant waiver, the Garzas refashion their true complaint into one that challenges the sufficiency of Melden & Hunt's summary-judgment showing. Given the Garzas' judicial admissions regarding the permanent nature of the alleged nuisance, Melden & Hunt had no obligation to make any showing in that regard. Regardless, the Garzas belatedly raise an issue in avoidance of summary judgment by arguing that the nuisance in question was temporary as a matter of law or that (unidentified) fact issues exist regarding the proper characterization. And those issues in avoidance had to be raised via a written response in order to be presented on appeal. Summary-judgment precedent requires arguments asserting application of different limitations or accrual principles to be preserved in a response at the trial court level.

Nevertheless, Melden & Hunt proved that any such nuisance deserves characterization as permanent as a matter of law, having argued an across-the-board limitations bar, having specifically identified the Garzas' nuisance claim,

6

having expressly argued for an accrual date applicable to permanent nuisances, and having expressly argued against application of accrual principles applicable to temporary nuisance – coupled with a summary-judgment record in which the Garzas acknowledge multiple, repeated, chronic flooding of their property and home on an annual basis since shortly after they purchased their home and from an alleged source permanent in nature. To the extent the Court were to indulge the Garzas' inadequate briefing of any alleged insufficiency of the motion below, there is no error in the trial court's summary-judgment grant, which must be affirmed.

As for the only other appellate challenge asserted by the Garzas, they again neglect to inform the Court of their terse and determinative response below. In a mere sentence, which referenced the entirety of their summary-judgment evidence without a concomitant reference to existent fact issues, the Garzas' trial-court response failed to preserve any error for appeal. More than that, the Garzas again fail to challenge all grounds on which the trial court's judgment rests, including their failure to plead or produce any evidence to support imputation of liability for exemplary damages to the corporate entity.

But, again, even were the Court to address the Garzas' second issue, the evidence cited by the Garzas falls woefully short of raising a fact issue as to malice or gross negligence. The Garzas cite to a few pages of deposition testimony regarding the location of their lot, the general flow of water downhill, and one

7

deponent's opinion that it would be unreasonable to have to deal with continuous flooding. That's it. The referenced testimony includes no expert opinion on the standard of care or any breach thereof by Melden & Hunt and no evidence of the requisite mental state for imposition of exemplary damages. In particular, the Garzas cite to no evidence of intent on the part of Melden & Hunt to cause substantial harm to the Garzas. Nor do they identify evidence of any knowledge on the part of Melden & Hunt of an extreme degree of risk of serious harm to the Garzas resulting from its conduct, combined with a conscious indifference to the consequences of its actions. Given the Garzas' clear waiver and their failure to demonstrate error nonetheless, the summary judgment should be affirmed.

## ARGUMENT AND AUTHORITIES

### I. The Trial Court's Summary Judgment in Favor of Melden & Hunt Should Be Affirmed in Its Entirety

Before turning to an in-depth analysis of the Garzas' appellate challenge to the trial court's summary judgment, Melden & Hunt would focus the Court's attention on the nature of the Garzas' limited summary-judgment response below and limited appellate challenge before this Court. Melden & Hunt argued, through two summary-judgment filings, that the Garzas' claims were barred by the applicable statute of limitations because: (1) this Court's prior opinion determined, as a matter of law, that the Garzas' claims accrued prior to September 1, 2005; and (2) the summary-judgment evidence demonstrated that the Garzas' claims accrued

8

more than two years prior to date the Garzas filed suit. (*CR 68-81*) Melden & Hunt also argued that the Garzas had no evidence of the elements of its claim under the Texas Water Code, no evidence of the elements of any claim for exemplary damages, and no pleading or evidence to support imputing liability for exemplary damages to Melden & Hunt, Inc. as a corporate entity. (*CR 71-72; SCR 21-30*) In response to Melden & Hunt's summary judgment, the Garzas below argued only (and wrongly) that the statute of repose preempted the governing limitations period to provide the Garzas with ten years (instead of two) to file suit following the accrual of their claims. (*CR 108-09*) In doing so, the Garzas acknowledged that, should the two-year limitations period apply, it would be determinative of their claims. (*RR 61*)

The Garzas do not repeat on appeal their response below. Instead, the Garzas mount a very limited challenge to the trial court's summary-judgment ruling. In defining the narrow nature of their challenge, the Garzas concede the propriety of the trial court's summary judgment on all of their claims – negligence, negligent misrepresentation, permanent nuisance, DTPA, and the Texas Water Code – save any claim for temporary nuisance.

For the first time on appeal, they assert that the trial court erred in granting summary judgment because Melden & Hunt – though it specifically argued for an across-the-board limitations bar, specifically mentioned nuisance, and established

as a matter of law the permanent nature of the nuisance – failed to meet its summary-judgment burden.  Though cast in terms of Melden & Hunt's burden, the core of the Garzas' point is that the nuisance should be characterized as temporary in nature and that nuisance claims based on flooding events in 2007 and 2008 – but not earlier – should be remanded.[3]  Nowhere did they assert any such claim to the trial court – conceding and admitting instead the permanent nature of the nuisance and the propriety of the trial court's summary-judgment grant on limitations.

Secondly, the Garzas assert on appeal that some evidence of malice or gross negligence exists so as to justify reversal of the trial court's summary judgment on a supposed claim for exemplary damages.  However, they failed to assert the existence of any fact issue below – except by general reference to the entirety of their summary-judgment evidence; failed to plead any basis for imputing any such liability to Melden & Hunt, Inc.; failed to argue the existence of any fact issue regarding any imputation theory; and failed to challenge that basis for the trial court's summary judgment on appeal.

As the Court can see, the Garzas have failed to present anything to this Court for review.  They have failed to challenge independent grounds supporting summary judgment on all of their claims.  Likewise, they failed to raise below the

---

[3] *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 (Tex. 2004) ("[A] nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable certainty.  Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.").

only challenge now made to the summary judgment on limitations ground – instead, admitting themselves out of court. The Court has no choice but to affirm. In the interest of being thorough, Melden & Hunt nevertheless will demonstrate below why the summary judgment must be affirmed even assuming that the Court were to overlook the Garzas' multiple, repeated, and dooming waivers. But the result of the record, the briefing, and the law are clear. The Garzas have waived review, and the summary judgment should be affirmed in its entirety.

## II. The Garzas Have Failed to Demonstrate Error in the Trial Court's Summary Judgment Grounded in Limitations

### A. The Garzas Have Failed to Attack All Bases for the Trial Court's Summary Judgment – Most Notably, the Preclusive Effect of This Court's Prior Opinion on Accrual – and the Summary Judgment in Melden & Hunt's Favor Must Therefore Be Affirmed

To reiterate, Melden & Hunt sought summary judgment on the grounds that all of the Garzas' claims were barred by the applicable statute of limitations because: (1) this Court's prior opinion determined, as a matter of law, that the Garzas' claims accrued prior to September 1, 2005 (more than two years prior to the filing of suit, the applicable limitations period); and (2) that, beyond the Court's prior ruling, the Garzas' claims accrued more than two years prior to date the Garzas' filed suit as a matter of law. (*CR 66, 68-71*) Below, the Garzas responded only by arguing that the statute of repose preempted the governing limitations provisions, purportedly increasing the governing limitations period

11

from two to ten years. (*CR 108-09*) They do not repeat this argument on appeal. Rather, the Garzas now assert, for the first time, that the nuisance in question was temporary, rather than permanent, warranting application of different accrual principles and a subsequent accrual date.

Nowhere have the Garzas attacked, as a basis for the trial court's summary judgment, this Court's prior determination under the law-of-the-case doctrine. They made no argument below regarding the Court's prior legal ruling, they assert no issue on appeal, they nowhere brief a response to the earlier binding opinion, and they nowhere ask the Court to reconsider that earlier decision or provide any basis for doing so.[4] In fact, no reference or citation is made in the Garzas' brief to the Court's prior opinion; and they did nothing more than attach the Court's prior opinion as an exhibit to their summary-judgment response below. (*CR 251-56*)

As such, the Garzas have waived any challenge to that ground; and this Court must affirm the trial court's judgment. *See, e.g., Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) ("[A] party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-

---

[4] Even assuming that the Garzas had asserted a general *Malooly* issue challenging the summary judgment as a whole (they did not), they nevertheless would still be required to brief all aspects of their challenge on appeal, which the Garzas did not do. *See, e.g., Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex. App. – Corpus Christi 1998, no pet.) (*Malooly* allows the non-movant to argue broadly on appeal under a general point of error, but does not relieve an appellant of the burden to challenge the grounds for the summary judgment and to present argument for his case on appeal).

judgment"), *citing* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal"); *Pisharodi v. Six*, No. 13-07-00019-CV, 2008 WL 3521330, *1 (Tex. App. – Corpus Christi, Aug. 7, 2008, no pet.) (mem. op.) ("Because Pisharodi failed to attack all possible grounds for the order granting summary judgment, his two issues are waived. Accordingly, we affirm."); *see also Baldwin v. Northrop Grumman Information Technology*, No. 03-09-00654-CV, 2011 WL 182880, **1-2 (Tex. App. – Austin, Jan. 21, 2011, no pet.) (mem. op.) (affirming trial court's summary judgment where appellant failed to challenge each ground for summary judgment that was advanced in the trial court).

**B.     Even Assuming the Garzas' Appeal Encompasses a Challenge to the Preclusive Effect of This Court's Prior Opinion on Accrual, the Trial Court's Judgment Must Still Be Affirmed**

Even assuming that the Garzas could and/or did present to this Court any attack on the Court's prior opinion as a basis for the trial court's summary judgment, any such attack would lack merit. Again, Melden & Hunt moved for summary judgment based, in part, on the Court's prior determination that the Garzas' claims accrued well before they filed suit. (*CR 66, 68-70*) Under the law-of-the-case doctrine, questions of law decided on appeal – such as the accrual of limitations – govern the case throughout its subsequent stages. *Loram Maintenance of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006); *Moreno v.*

*Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (explaining that accrual for limitations purposes is a question of law).

Indeed, by narrowing the legal issues in successive stages of the case's litigation, the doctrine's purpose is to achieve uniformity of decision, as well as judicial economy and efficiency. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). Absent new or additional facts, legal analysis, or argument that would change the Court's earlier disposition, the law-of-the-case doctrine precludes the Court from reconsidering previously determined issues. *See In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 21 (Tex. App. – Corpus Christi 2010, no pet.). The Court must enforce the doctrine, based on public policy aimed at putting an end to litigation. *Pitman v. Lightfoot*, 937 S.W.2d 496, 513 (Tex. App. – San Antonio 1996, writ denied).

In its earlier disposition, the Court held as a matter of law that the Garzas' claims accrued prior to September 1, 2005 – more than two years prior to their having filed suit on April 22, 2008 (*CR 47*):

> Presuming, for the sake of argument only, that the discovery rule applies, then the Garzas' cause of action accrued when they knew or in the exercise of ordinary diligence should have known of Melden & Hunt's alleged negligence and the alleged injury resulting therefrom. . . . *The undisputed evidence* shows that before September 1, 2005, all of the following occurred: (1) Melden & Hunt completed its survey, supervision, and any grading work for the home; (2) Alberto Garza purchased the home from the builder in November 1998; (3) according to Alberto Garza's sworn testimony, in the summer of 1999 or 2000, the Garzas experienced "ponding" in their backyard that

14

prompted Alberto to call the builder and to "plead" with the builder "for assistance with the ponding;" (4) the Garzas' former neighbor, Rosendo Hinojosa, testified at his deposition that prior to December 2004, Alberto Garza complained to him about water from the backyard coming inside the home and flooding the family room; and (5) prior to March 2005, Hinojosa witnessed Alberto building a "berm" around the house 'to prevent another flooding incident.'

*Melden & Hunt*, 2013 WL 3517743, at \*2. Again, the Garzas never offered any new or additional facts, legal analysis, or argument that would cast doubt on the Court's earlier disposition. As noted above, the Garzas made no reference or citation whatsoever to the Court's prior determination in either their summary-judgment response or in their appellate brief. (*CR 103-11*) Rather, at the hearing on the motions for summary judgment presented by both Melden & Hunt and Co-Defendant Burch Construction, Inc., counsel for the Garzas acknowledged that the limitations issue had been "crystallized" by the Court's prior opinion. (*RR 14-16*)

The Court made its accrual determination across the board for all of the Garzas' claims in the context of deciding whether the Court had jurisdiction over an interlocutory appeal under section 150.002 of the Texas Civil Practice and Remedies Code. That provision applies across the board to "any action . . . for damages arising out of the provision of professional services" by a licensed architect, professional engineer, professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices. *See* TEX. CIV. PRAC. & REM. CODE §§ 150.001, 150.002(a), (b) (West 2011). As a

15

result, the trial court had no choice but to follow the Court's earlier ruling and grant Melden & Hunt's summary judgment. *See In re K.M.S.*, 91 S.W.3d 331, 333 (Tex. 2002) (noting that lower courts cannot "decline to follow" rulings of higher courts); *see also City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 338 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) ("Where a losing party fails to avail itself of an appeal in the court of last resort, but allows the case to be remanded for further proceedings, the points decided by the court of appeals will be regarded as law of the case and will not be re-examined.").

Moreover, even assuming that the Garzas preserved any such attack on the Court's decision by either raising it below or asserting it in their opening brief, the aim of any reconsideration request is puzzling. If any portion of the Garzas' claims accrued on or after September 1, 2005, Melden & Hunt would be entitled to mount an interlocutory appellate challenge to the denial of its motion to dismiss based on the Garzas' failure to file a timely certificate of merit as required by section 150.002 of the Texas Civil Practice and Remedies Code. *Melden & Hunt*, 2013 WL 3517743, *1; TEX. CIV. PRAC. & REM. CODE § 150.002 (West 2011). Having succeeded in blocking an appellate challenge to the trial court's denial of Melden & Hunt's motion to dismiss pursuant to section 150.002 based on an accrual of their claims prior to September 1, 2005, it is indeed odd – and barred as a matter of law – for the Garzas' to now argue that any portion of their action

16

accrued after that date. In any event, the Garzas waived any attack on the Court's prior determination and on its binding nature both in the trial court and on appeal. As a result, the trial court's summary judgment should be affirmed in its entirety.

C. **The Garzas Concede That the Trial Court Properly Granted Summary Judgment on Virtually All of Their Claims and Neglected to Raise Below (and Have Thus Waived) the Only Issue in Avoidance They Now Assert on Appeal**

1. **The Garzas Failed to Assert Any Argument in Response to the Summary Judgment That Its Nuisance Claim Should Be Governed by Different Accrual Principles**

Even if the Court were to ignore its prior opinion as law of the case and ignore the Garzas' failure to raise any challenge to that ground in their summary-judgment response below or on appeal, the trial court's summary judgment should nevertheless be affirmed. In addition to relying on the Court's prior opinion, Melden & Hunt argued secondarily that the Garzas' claims accrued as a matter of law more than two years prior to the date the Garzas filed suit in 2008. (*CR 66, 68-71*) In their only attack on the trial court's ruling, the Garzas focus solely on their nuisance claim and (wrongly) contend that, as a temporary nuisance, it is governed by different accrual principles.

While the Garzas cast their complaint as one that Melden & Hunt failed to prove that the alleged nuisance is "permanent," as opposed to "temporary," the core of the Garzas' challenge argues for a temporary characterization as a matter of law or the alternative existence of unresolved (and unidentified) fact issues.

17

However, the Garzas misunderstand both the law pertaining to nuisance and the burden the Garzas themselves bore to present expressly by written response any issue to be considered as grounds for reversal on appeal.  *See* TEX. R. CIV. P. 166a(c).  In doing so, they overlook that Melden & Hunt satisfied its summary-judgment burden by arguing a limitations bar across the board, by pointing to the Garzas' claims of multiple incidents of flooding, by arguing that the Garzas' claim could not be split among alleged harms, and by virtue of the summary-judgment evidence – both Melden & Hunt's and that produced by the Garzas – demonstrating that any nuisance is permanent as a matter of law.  (*CR 64-88*)

Before turning to a further discussion of these issues, the Court should appreciate the critical concessions the Garzas' make in their opening brief.  Specifically, the Garzas acknowledge that they asserted several different theories of liability against Melden & Hunt – negligence, negligent misrepresentation, deceptive trade practices, water code violations, and nuisance – all of which have a two-year limitations period.  (*Appellants' Brief at 2*)  However, the Garzas expressly refrain from challenging the trial court's judgment on all claims other than nuisance – even though they all have a two-year limitations period and even though at least one of the claims involves the same temporary-permanent accrual dichotomy as does the Garzas' nuisance claim.  *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2002) (two-year limitations period applies to generally to tort

claims asserting injury to person or property); TEX. CIV. PRAC. & REM. CODE § 17.565 (West 2011) (two-year limitations period for DTPA); *Schneider Nat'l Carriers v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004) (two-year limitations period for nuisance); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (statute of limitations for negligent misrepresentation is two years); *JPMorgan Chase Bank, N.A. v. Professional Pharmacy II*, ___ S.W.3d ___, 2014 WL 7473779, *10 (Tex. App. – Fort Worth, Dec. 31, 2014, no pet. h.) (two-year limitations period for negligence); *Graham v. Pirkey*, 212 S.W.3d 507, 512-13 (Tex. App. – Austin 2006, no pet.) (two-year limitations period for Water Code violation); *see also Graham*, 212 S.W.3d at 512 (applying *Bates'* analysis of accrual of nuisance claims to claims under Texas Water Code). (*Appellants' Brief at 3, 6*) The Garzas' limited challenge is telling as a virtual admission that Melden & Hunt established its entitlement to summary judgment on limitations as a matter of law, regardless of the Court's earlier disposition.

Not only is the Garzas' limited point on appeal demonstrative of the summary judgment's strength, but their singular point has been waived because it was not raised below. Again, though the Garzas, at times, cast their complaint as one attacking the insufficiency of Melden & Hunt's proof, the Garzas' real complaint is that the nuisance in question should be characterized as temporary and as governed by different accrual rules and/or that fact issues exist on frequency,

19

extent, and duration. *See, e.g., First Amended Brief of Appellants at 4* ("Viewing the summary judgment evidence in the light most favorable to Appellants, the trial court should have determined that the nuisance was temporary, Appellants' cause of action accrued anew with each injury (*i.e.* on August 2007 and again in July 2008) and Appellants thus filed their nuisance claim (in April 2008) within the two-year limitations period.").[5]

Well-settled summary-judgment law precludes an appellant (absent any complaint in the trial court through a timely, written response) from asserting on appeal an argument offered to defeat summary judgment – including one urging application of different limitations periods or different accrual rules, as well as one asserting the existence of fact issues. *See Krueger v. Atascosa County*, 155 S.W.3d 614, 618 (Tex. App. – San Antonio 2004, no pet.), *citing State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986). Particularly with respect to limitations principles, the court in *Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 465 (Tex. App. – Dallas 2006, pet. denied) made clear that any argument for application of different rules must first be preserved in the trial court:

> Appellants' petition did not separate their claim for aiding and abetting fraud from their claim for aiding and abetting conspiracy. Nor did their response to the motion for summary judgment separate these claims, much less argue that the two claims were governed by different limitations periods. . . . Issues a nonmovant contends avoid

---

[5] Of course, the trial court could make no such determination because the Garzas never filed their own motion for summary judgment.

20

summary judgment that are not expressly presented to the trial court by written answer or other written response to the summary judgment motion are waived on appeal. . . . We concluded appellants waived any argument that the aiding and abetting fraud claim was governed by a different limitations period than their other claims.

Similarly, in *AGD, L.P. v. Quest Principal Investments, Inc.*, No. 13-12-00720-CV, 2014 WL 6602314, *6 n.16 (Tex. App. – Corpus Christi, Nov. 20, 2014, no pet.) (mem. op.), this Court recognized these same principles in the context of a summary-judgment motion based on limitations, explaining:

On appeal, appellants argue that because the contracts to construct the Edinburg and Weslaco properties constituted a "continuing contract," appellees failed to establish that July 4, 2006 and May 26, 2007 were the dates of completion for the contracts. However, appellants did not make this argument in their response to appellees' motion for summary judgment. . . . Therefore, we are unable to reverse on that basis.

*Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 522 (Tex. App. – Dallas 2011, pet. denied) (holding that appellants waived argument that different statute of limitations period applied by not raising the contention in opposition to the movant's summary-judgment motion); *Cornerstones Mun. Utility Dist. v. Monsanto Co.*, 889 S.W.2d 570, 574 (Tex. App. – Houston [14th Dist.] 1994, writ denied) (holding that non-movant waived argument that longer, residual limitations provision applied, where it did not raise the point in summary-judgment response); *see also D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A [summary judgment] non-movant must present its objections to a

21

summary-judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived"); TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal [of summary judgment].").

Just as in *Baxter*, *AGD*, and the other authorities cited above, the Garzas failed to single out their nuisance claim and failed to argue that any nuisance was temporary and governed by different limitations rules. As a result, the Garzas have waived any such argument on appeal. Similarly, they failed to identify any fact issues precluding summary judgment in Melden & Hunt's favor. Rather than assert a challenge to Melden & Hunt's limitations argument, the Garzas *acknowledged* the effect of the Court's prior opinion at the summary-judgment hearing – conceding that, assuming the two-year limitations period applied (rather than the ten-year repose period as the limitations deadline), their claims could not survive. (*RR 14-15, 61*) The summary judgment should be affirmed.

**2.      Regardless, Any Existent Nuisance Is Permanent as a Matter of Law and Accrued with the First Flooding Event, Which Occurred in 2000 at the Latest – Nearly a Decade before the Garzas Filed Suit – Even Indulging the Garzas' Inadequate Briefing**

Melden & Hunt argued and proved a limitations bar across the board as to *all* of the Garzas' causes of action – including nuisance. (*CR 68-71, 73*) Specifically, Melden & Hunt's motion expressly referenced the Garzas' nuisance

claim and expressly argued and proved that the claims accrued after the first flooding incident, which is the accrual rule applicable to permanent nuisances. *Bates*, 147 S.W.3d at 270. (*CR 68-69*) Melden & Hunt identified multiple flooding events claimed by the Garzas and argued against separate accrual dates for each one individually – thus expressly arguing against application of the accrual rule for temporary nuisance. *Id.* (*CR 69, 71, 324-26*) Finally, Melden & Hunt offered evidence establishing that the alleged nuisance was permanent as a matter of law, precluding a renewed accrual period after every flooding event. (*CR 69-70, 76-88*) The law requires nothing more. *See* TEX. R. CIV. P. 166a(c) (explaining that movant need only state "specific grounds" for summary judgment – in this case, limitations – and support its motion with summary-judgment evidence establishing its entitlement to judgment).

Turning to the evidence and the Garzas' admissions, Mr. Garza testified that the property first experienced flooding in 1999 or 2000 – prompting Mr. Garza to contact the home builder – with additional flooding events occurring on at least the following occasions: at some point prior to December 2004; in August 2007; in July 2008; and thereafter. *See Melden & Hunt, Inc.*, 2013 WL 3517743, at *2. (*CR 69-79, 79-80, 199*) The Garzas admitted in their latest petition that "their home flooded on several occasions resulting in a total loss in value" and further

23

admitted in their summary-judgment response that their home was "prone to flood from even moderately heavy rainfall." (*CR 96, 104*)

Later, the Garzas expressly pled in their summary-judgment response that they suffered "substantial damage and a total loss in value." *See, e.g., Bates*, 147 S.W.3d at 276 (explaining that permanent nuisance entitles one to recover for loss in value); *De La Pena v. Elzinga*, 980 S.W.2d 920, 922 (Tex. App. – Corpus Christi 1998, no pet.) ("A judicial admission is a formal waiver of proof usually found in pleadings or the stipulations of the parties which relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it."), *citing Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). (*CR 104*)

Additionally, the Garzas' own summary-judgment evidence confirmed the repeated nature of flooding events to their property. *See Trousdale v. Henry*, 261 S.W.3d 221, 236-37 (Tex. App. – Houston [14th Dist.] 2008, pets. denied) (considering non-movant's as well as movant's evidence in concluding no fact question existed regarding when legal-malpractice causes of action accrued). For example, affiant Gerald Duhon testified that "the house is being chronically flooded." (*CR 121*) Affiant Raymond Helmer stated that "the Garzas have experienced repeated severe flooding of their home on numerous occasions." (*CR 217, 240*) Mr. Garza's own deposition testimony established that water had

flooded his yard and even invaded his home on multiple occasions and that he had engaged in repeated efforts to thwart it.  (*CR 131*)  He also testified that his home experienced flooding not just during hurricanes, but during "regular rains, regular thunderstorms.  You have to remember that we've had flooding issues before 2007 where it was a regular rain, not a thunderstorm, a rain, and, yet, we would have flooding in the back."  (*CR 199*)[6]

While the foregoing is more than sufficient to affirm the trial court's judgment, Co-Defendant Burch Construction, Inc. had its summary-judgment motion on limitations heard on April 16, 2014, along with Melden and Hunt's

---

[6] As a result of the foregoing, not only does the evidence establish the nuisance as permanent, but it conclusively demonstrated accrual well before the Garzas filed suit on April 22, 2008, as this Court previously and correctly determined.  *See, e.g., Tennessee Gas Transmission Co. v. Fromme*, 153 Tex. 352, 354, 269 S.W.2d 336, 338 (1954) ("[R]espondent's legal rights were invaded the moment water from the petitioner's plant began to flow upon her land.").  The Garzas brought forth no challenge to Melden & Hunt's accrual demonstration and, on appeal, fail to assert the existence of any fact issue on accrual – apart from the belated contention that a different accrual determination governs their nuisance claim.  Again, the Garzas never controverted their admissions that their claims could not withstand a two-year limitations period and that the nuisance was permanent in nature and never controverted the defendants' summary-judgment proof; nor did the Garzas otherwise identify or argue the existence of any fact issue on accrual – either in the trial court or on appeal.  (*CR 103-11*)

Though the Garzas have raised no contention that they could bring their claims *seriatim* if deemed a permanent nuisance, any such argument would be barred by the single-action doctrine.  *See, e.g., Zacharie v. U.S. Natural Resources, Inc.*, 94 S.W.3d 748, 755 (Tex. App. – San Antonio 2002, no pet.) ("In general, a plaintiff must bring 'one indivisible cause of action for all damages arising from a defendant's single breach of a legal duty.' . . . Keeping this single action rule in mind, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur."); *see also Bates*, 147 S.W.3d at 279 & n.70 ("[O]nce operations begin and interference occurs, limitations runs against a nuisance claim just as against any other"), *citing Fromme*, 269 S.W.2d at 338 (holding nuisance claim accrued when flooding began, and was barred by limitations even though greater part of damage occurred within two years of suit); *Melden & Hunt*, 2013 WL 3517743, at *2 (claim accrues when facts come into existence authorizing claimant to seek judicial remedy, "even if all resulting damages have not yet occurred.").

25

summary-judgment motion. (*CR 89-92; 2 SCR 6-36, 37-59, 60-80; RR*) Burch offered additional evidence that the Garzas experienced flooding, including flooding to their home, in and around 2000. *See, e.g., Rea v. Coffer*, 879 S.W.2d 224, 228 (Tex. App. – Houston [14th Dist.] 1994, no writ) (looking to co-defendant's summary-judgment evidence negating discovery rule in affirming summary judgment); *Desiga v. Scheffey*, 874 S.W.2d 244, 253 (Tex. App. – Houston [14th Dist.] 1994, no writ) (holding that when a trial court sets a single hearing for multiple motions for summary judgment and all motions are heard together, court may look to all summary-judgment proof on file to determine whether movant entitled to summary judgment). (*2 SCR 24-26, 46-48, 52, 69-77*)

Burch attached additional excerpts from the deposition of Mr. Garza taken on March 25, 2010, during which Mr. Garza acknowledged that water invaded his home in 2002 at the latest, prompting multiple and repeated efforts by Mr. Garza to stop its recurrence. (*2 SCR 23-31*) Specifically, Mr. Garza testified that in the previous 11 years, rainwater entered his home every year with the exception of the first two to three years he lived there. (*2 SCR 24-26*) Furthermore, he confirmed that he knew about the intrusion – in the master bedroom, in the kitchen, in the formal living room – when it first occurred because he could see the wet carpet, even as far as under his bed. (*2 SCR 24-26*)

Burch also filed as summary-judgment evidence material produced by Mr. Garza in 2010, which included notated photographs depicting flooding and complaints that he had been experienced these issues with his home for 10 years, *i.e.*, since around 2000. (*2 SCR 52, 59*) Finally, Burch produced testimony from Mr. Garza's former neighbor – the same neighbor whose testimony is referenced in the Court's prior opinion – who testified that Mr. Garza complained of flooding to the family room area of his home prior to December 2004 and attempted to build a berm to stop future flooding at some point prior to March 2005. (*2 SCR 69-77*)

Additionally, the Garzas asserted that the flooding resulted from what is properly characterized under the law as a permanent source, completed well before the property's first flooding event. Melden & Hunt completed its survey on October 3, 1997; and the Garzas purchased the completed home on November 18, 1998. (*CR 76-78, 80*) Moreover, the Garzas' own expert identified the flooding issues as arising from the grading and construction of the Chateau Estates subdivision, a permanent structure. (*CR 220-21*) Given the multiple flooding events, as well as the permanent nature of the flooding's alleged source, the only proper characterization of any purported nuisance is permanent as a matter of law.

In analogous circumstances, Texas courts have characterized the alleged nuisance to be permanent as a matter of law. *See, e.g.*, *City of Amarillo v. Ware*, 120 Tex. 456, 40 S.W.2d 57, 61 (1931) (flooding caused by storm sewer was

27

properly pleaded as permanent nuisance); *Rosenthal v. Taylor, B. & H. Ry. Co.*, 79 Tex. 325, 15 S.W. 268, 269 (1891) (nuisance from rainfall flooding was permanent); *La Tierra de Simmons Familia, Ltd. v. Main Entertainment, LP*, No. 03-10-00503-CV, 2012 WL 753184, **9-10 (Tex. App. – Austin, Mar. 9, 2012, pet. denied) (mem. op.) (nuisance claimed as a result of water diversion was permanent as a matter of law, where drainage system had operated in a consistent manner since it was constructed, there were no improvements or significant alterations since it had been constructed, and record showed that significant rainfall events were not so rare or infrequent so as to characterize nuisance as temporary rather than permanent); *Yalamanchili v. Mousa*, 316 S.W.3d 33, 37-38 (Tex. App. – Houston [14th Dist.] 2010, pet. denied) (nuisance from flooding was permanent as a matter of law, where evidence showed that water infiltrated property with every rain of any magnitude for many years and where runoff was created by permanent structure); *Mitchell v. Timmerman*, No. 03-08-00320-CV, 2008 WL 5423268, at *6 (Tex. App. – Austin, Dec. 31, 2008, no pet.) (mem. op.) (flooding from every significant rain is permanent nuisance); *Pope v. John Kiella Homes*, No. 07-06-00146-CV, 2008 WL 1903332, at **3-4 (Tex. App. – Amarillo, Apr. 30, 2008, no pet.) (mem. op.) (flooding following heavy rains resulting from construction of Briarcrest subdivision, a permanent structure, is a permanent nuisance); *City of Princeton v. Abbott*, 792 S.W.2d 161, 165 (Tex. App. – Dallas

28

1990, writ denied) (even though rain occurred at long intervals, there was no suggestion that the nuisance or impoundment was likely to be removed by any agency and, thus, was permanent); *Durden v. City of Grand Prairie*, 626 S.W.2d 345, 348 (Tex. App. – Fort Worth 1981, writ ref'd n.r.e.) (flooding caused by storm sewer was permanent as a matter of law).

Indeed, the Supreme Court explained in *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 276 (Tex. 2004) that a permanent nuisance is established by showing either the plaintiff's injuries or the defendant's operations are permanent. The Court continued that a permanent source is presumed to result in a permanent nuisance unless rebutted by evidence that nuisance activity causes injury under circumstances so rare that, even when activity occurs, it remains uncertain whether or to what degree activity may ever occur again. *Id.* Ultimately, the Court summarized its holding as follows: "[W]e hold that a nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable certainty. Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated)." *Id.* The determination is one of law. *Id.* at 281.[7]

---

[7] Other than a brief and misguided discussion of *Bates*, the Garzas offer no case law to support their argument on appeal. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and

In their brief, the Garzas never quite explain the deficiency in Melden &
Hunt's summary-judgment showing, thus waiving review,[8] and further demonstrate
a misunderstanding of the Supreme Court's exposition in *Bates*. For instance, they
contend that the Supreme Court held that anytime rain is involved, the nuisance is
necessarily temporary. They also contend that the determination of whether a
nuisance is permanent or temporary necessarily gives rise to a fact issue to be
determined by a jury. However, the Court in *Bates* held expressly to the contrary,
and the Garzas facile and selective take on *Bates* cannot withstand scrutiny.

Again, the *Bates* Court held that both the determination of the accrual of a
claim for nuisance, along with the incorporated determination whether a nuisance
is permanent, is a determination of law. 147 S.W.2d at 281. While the Court
recognized that, in some instances, there may exist fact issues that require
resolution before that determination can be made, the Court further explained that,
"if a nuisance occurs several times in the years leading up to trial and is likely to
continue, jurors will generally have enough evidence of frequency and duration to
reasonably evaluate its impact on . . . property values. In such cases, the nuisance
should be treated as permanent, even if the exact dates, frequency, or extent of

---

concise argument for the contentions made, with appropriate citations to authorities and to the
record.").

[8] *See Gray v. Woodville Health Care Ctr.*, 225 S.W.3d 613, 620 (Tex. App. – El Paso 2006, pet.
denied) ("Appellants also allege that the motions for summary judgment were legally and
factually insufficient. This issue has not been properly briefed and has been waived.").

future damages remain unknown." *Id.* at 280; *see also id.* ("Absent evidence that current experiences are unrepresentative or about to change, such nuisances should be considered 'permanent' as a matter of law.").

In other words, evidence of a nuisance like the one alleged here, with several flooding events over more than a decade, combined with an admission by the claimants that the flooding occurs with virtually any rain, warrants characterization as permanent as a matter of law. *Compare Sullivan v. Brokers Logistics, Ltd.*, 357 S.W.3d 833, 840 (Tex. App. – El Paso 2012, pet. denied) (nuisance from silt buildup was temporary where it occurred in response to 100-year or 500-year event). Moreover, *Bates* expressly clarified that "a recurrent nuisance is a permanent one, even if it is difficult to predict what the weather will be on any particular day." 147 S.W.3d at 283; *see also id.* at 276-77 ("[I[f a nuisance subjects land along a river to annual flooding, market values would normally reflect that expectation . . . , even though many months may intervene between floods and in some years there may be none at all"); *id.* at 281 ("[A] nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.").

*Bates* concluded by holding that "a permanent nuisance may be established by showing that either the plaintiff's injuries or the defendant's operations are permanent." 147 S.W.3d at 281. Here, both exist. Nevertheless, *Bates* added that

the presumption of a connection between the two could be rebutted only by evidence that the injury occurs under circumstances "so rare that, even when they occur, it remains uncertain whether or to what degree they may ever occur again." *Id.* The Garzas never offered any such argument or evidence below or to this Court. Rather, they conceded, admitted, and offered evidence of just the opposite.

It is, frankly, disingenuous (and legally prohibited) for the Garzas to now argue that the nuisance is anything other than permanent, given their pleadings, their summary-judgment response, and the summary-judgment evidence – including Mr. Garza's own candid testimony. And, again, the Garzas never asserted a contrasting characterization of their nuisance claim, different accrual principles, or a different accrual date. Similarly, they never argued the existence of any fact issue on accrual below, never pointed to any evidence raising such an issue in the trial court, and do nothing more than summarily recite the existence of fact issues on frequency, extent, and duration for the first time to this Court – once again resulting in nothing for the Court to review.

More than that, the Garzas conceded the propriety of summary-judgment on limitations were the trial court to apply a two-year limitations period. Specifically, during the hearing on the Defendants' motions, counsel for the Garzas stated that application of a two-year limitations period "could be very determinative of a lot of the causes of action in this case. If it's the 10 year [statute of repose] we've got a

case that's going forward and should be tried." (*RR 61*) "[A] party cannot lead a trial court into error and then complain about it later on appeal." *Sanchez v. Mica Corp.*, 107 S.W.3d 13, 26 (Tex. App. – San Antonio, 2002, pet. granted; judgmn't vacated in part w.r.m.) (refusing to consider appellate point regarding damages where party had conceded insufficiency of the evidence to support full award).

Taking the Garzas' concession, their pleadings, their other admissions, the summary-judgment evidence, and the undisputed evidence of flooding recited in the Court's prior opinion, the several flooding events identified by the Garzas to have occurred in the years between construction and suit (and thereafter) requires affirmance. Of course, this discussion is entirely academic given the binding nature of the Court's prior opinion, the failure of the Garzas to challenge all bases on which the trial court's judgment rests, and the waiver of their only appellate point. Nevertheless, Melden & Hunt demonstrated that the alleged nuisance is permanent as a matter of law, as well as accrual well before the Garzas' filed suit; and the trial court correctly granted summary judgment in its favor.

## III. The Garzas Have Also Failed to Demonstrate Error in the Trial Court's Summary Judgment on Their Claim for Exemplary Damages

### A. Because the Garzas Have No Claim for Actual Damages, the Summary Judgment on Their Claim for Exemplary Damages Must Be Affirmed

As the Garzas concede, they expressly accept the trial court's adverse judgment on all underlying theories of liability other than nuisance. *See First*

*Amended Brief of Appellants at 6* ("Appellants assert that the trial court erred in dismissing their nuisance claims on limitations grounds. Appellants do not challenge the dismissal of their four other causes of action on limitations grounds"). And, as shown above, the trial court's summary judgment on their nuisance claim must be affirmed. As a result, the Garzas have no grounds to recover actual damages against Melden & Hunt.

Absent a recovery of actual damages, there can be no recovery of exemplary damages; and, indeed, the Garzas have acknowledged that they do not seek any such recovery based on any theory other than nuisance. *See First Amended Brief of Appellants at 6*. Given that the nuisance claim is similarly barred, the Garzas cannot recover exemplary damages based on any theory. *See, e.g., Gomez de Hernandez v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 204 S.W.3d 473, 477 (Tex. App. – Corpus Christi 2006, pet. denied) ("Here, appellants sought recovery of exemplary damages, predicated on malice, in relation to their strict products liability, negligence, and breach of warranty causes of action. Because the trial court granted HAA summary judgment on all of appellants' causes of action, and appellants do not challenge the granting of summary judgment on any of those grounds, there is no cause of action in relation to which malice may serve as a predicate for exemplary damages. Therefore, appellants' allegation of malice as a

34

predicate for exemplary damages is no longer viable"). The trial court's judgment must be affirmed in its entirety.

**B.** **Even Assuming That the Court Would Reverse the Trial Court's Judgment on the Garzas' Nuisance Claim, Contrary to the Court's Prior Opinion, the Garzas' Concessions and Admissions, Governing Case Law, and the Record Evidence, the Garzas Nevertheless Cannot Prevail on Their Claim for Exemplary Damages**

**1.** **The Garzas Nowhere Pled or Offered Evidence to Impute Liability for Exemplary Damages to Melden & Hunt**

"A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence." *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.2d 548, 581-82 (Tex. App. – Amarillo 2010, pet. denied), *citing Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). In order to impute liability for malice or gross negligence to a corporate entity for the acts of its agents, a plaintiff must show that the corporation authorized the tortious act, that the corporation recklessly employed an unfit person who committed the act, that the corporation ratified or approved the act, or that the employee was employed in a managerial capacity or was a vice-principal of the corporation and was acting in the scope of his employment. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997).

Melden & Hunt moved for summary judgment based both on the Garzas' failure to plead any basis for determining that the corporation itself committed

malice or gross negligence and furthermore moved for a no-evidence summary judgment on the various bases for imputing gross negligence or malice to a corporate entity. Though the Garzas repled to assert a claim for exemplary damages by specifically referencing the standards of malice and gross negligence following, they failed to include any pleading for imputing any such liability to the corporation. (*CR 94-102*) As such, the trial court properly granted summary judgment in the absence of any pleading to support imputed liability. *See, e.g., Hyman Farm Serv., Inc. v. Earth Oil & Gas Co., Inc.*, 920 S.W.2d 452, 458 (Tex. App. – Amarillo 1996, no writ) (plaintiff must plead, prove, and obtain findings on an imputation theory in order to recover exemplary damages against a corporation for the acts of an agent)*; see also Holt v. Hale*, No. 04-14-00113-CV, 2014 WL 5838937, *2 (Tex. App. – San Antonio, Nov. 12, 2014, no pet.) (mem. op.) (where party failed to replead after having been given opportunity to do so, court did not err in dismissing suit); *Clawson v. Wharton County*, 941 S.W.2d 267, 273 (Tex. App. – Corpus Christi 1996, writ denied) (failure to object or request additional time to amend pleading, on ground that summary judgment is attempt to circumvent special exceptions, waves any such alleged error), *citing San Jacinto River Auth. v. Duke*, 783 S.W.2d 209 (Tex. 1990).

Beyond the pleading defect, the Garzas have waived review for yet another reason. Below, the Garzas nowhere argued that fact issues exist on any of the

36

several methods for imputing gross negligence or malice. *See* TEX. R. CIV. P. 166a(c). (*CR 103-11*) Moreover, on appeal, they have failed to assert any appellate challenge to that ground on which the summary judgment, in part, rests. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (when summary judgment does not specify or state grounds, summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious); *Ramirez v. First Liberty Ins. Corp.*, ___ S.W.3d ___, 2014 WL 6766688, *1 (Tex. App. – El Paso, Dec. 1, 2014, no pet. h.) ("If the appellant fails to challenge each ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground."). As a result, the summary judgment must be affirmed as to the Garzas' claim for exemplary damages.

**2. The Garzas Failed to Explain in Their Response, Beyond a General Reference to Their Summary-Judgment Evidence, the Existence of Any Fact Issues on Their Claim for Exemplary Damages and, Again, Present Nothing for Review**

In response to Melden & Hunt's no-evidence motion for summary judgment, the Garzas included a listing of 19 exhibits and a general reference to all 19 of those exhibits (with a somewhat more specific reference to 11 of those exhibits) as supportive of their claim for exemplary damages. Indeed, the entirety of their summary-judgment response to the no-evidence motion on their claim for exemplary damages was as follows:

37

> 6.8 Further, M&H argues that there is no evidence to support exemplary damage. The Garzas would point to the Exhibits attached hereto but particularly to Nos. 3-5 and 10 – 17.

(*CR 110*) That response was wholly insufficient to raise any fact issue and authorize any review by either the trial court or this Court on appeal.

A non-movant must expressly present issues he contends avoid summary judgment by written answer to the motion or by other written response; and such issues are not expressly presented by mere reference to the summary-judgment evidence. *Vice v. Kasprzak*, 318 S.W.3d 1, 11 n.5 (Tex. App. – Houston [1st Dist.] 2009, pet. denied), *citing McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340-42 (Tex. 1993). So, for example, where a non-movant fails to make any argument why summary judgment should not be granted on a claim, including the specification of the elements on which fact issues exist, simply referring instead to attached evidence, an appellate court cannot reverse. *Sandhu v. Pinglia Investments of Tex., L.L.C.*, No. 14-08-00184-CV, 2009 WL 1795032, *6 (Tex. App. – Houston [14th Dist.], Jun. 25, 2009, pet. denied) (mem. op.); *Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 774 (Tex. App. – Corpus Christi 2007, no pet.) ("Because Mercier failed to specifically address the elements of each cause of action on which he claimed fact issues existed and because he failed to expressly present any issues precluding summary judgment in his written response, Mercier did not raise any fact issues precluding summary judgment").

Moreover, a general reference to a voluminous record that does not direct the trial court and parties to the evidence on which the non-movant relies with sufficient specificity falls short of that burden. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 81 (Tex. 1989); *see also Guevara v. Lackner*, 447 S.W.3d 566[9] (Tex. App. – Corpus Christi 2014, no pet.) ("Dr. Guevara filed 355 pages of exhibits in support of his response to the Lackners' no-evidence motion for summary judgment. Dr. Guevara cited only generally to some exhibits, and we will not review those exhibits."); *Murphy v. Reynolds*, No. 02-10-00229-CV, 2011 WL 4502523, *6 (Tex. App. – Fort Worth 2011, no pet.) (mem. op.) (citing *Ricane* and noting party's failure to refer to specific portions of ninety-page appendix attached to summary-judgment response).

Below, the Garzas never set forth how their evidence – or which specific portions of it – raised fact issues as to their claim for exemplary damages based on either malice or gross negligence. In fact, they don't even reference whether the evidence in question relates to malice, gross negligence, and/or both and never identified any specific elements of either on which fact issues purportedly existed. As a result, the Garzas have waived this point and, again, present nothing for this Court to review. The summary judgment should be affirmed.

---

[9] The pinpoint citation to this principle within the *Guevara* decision is not yet available on Westlaw.

**3. The Governing Standard of Review of Melden & Hunt's No-Evidence Motion on Malice and Gross Negligence Should Require Clear and Convincing Evidence**

Because malice and gross negligence must be proven by clear and convincing evidence, courts generally apply a heightened standard of review on appeal. *See Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 627 (Tex. 2004) (noting that "whenever the standard of proof at trial is elevated, the standard of appellate review must likewise be elevated); Tex. Civ. Prac. & Rem. Code § 41.003(a)(3) (West 2014) (gross negligence must be proven by clear and convincing evidence). As such, appellate courts should review the summary-judgment evidence in this case to determine whether a fact finder could have formed a firm belief or conviction that Melden & Hunt intended to cause harm or that its conduct deviated so far from the standard of care so as to create an extreme risk and that Melden & Hunt was subjectively aware of, but consciously indifferent to, this risk. *Columbia Medical Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248-49 (Tex. 2008); *see also U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012) ("In reviewing an award for exemplary damages, we conduct a legal sufficiency review under the 'clear and convincing standard.' . . . "'Clear and convincing' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."), *quoting* Tex. Civ. Prac. & Rem. Code § 41.001(2) (West

40

2014).  This has been the governing standard for more than a decade.  *See Garza*, 164 S.W.3d at 632, *quoting In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

"A no-evidence summary judgment is essentially a pretrial directed verdict, and [courts] apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as [they] apply in reviewing a directed verdict."  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).  And, the same standard used in determining whether a directed verdict would have been proper is the standard employed to determine whether a jury finding on a question of fact has any support in the evidence.  *See, e.g., Perez v. Perez*, No. 09-05-00024-CV, 2005 WL 2092807, *1 (Tex. App. – Beaumont, Aug. 31, 2005, no pet.) (mem. op.), *citing* TEX. R. CIV. P. 301; *see also In re C.J.F.*, 134 S.W.3d 343, 350-51 (Tex. App. – Amarillo 2003, pet. denied) ("Initially we note that an appeal from the denial of a motion for instructed or directed verdict is essentially a challenge to the legal sufficiency of the evidence"; court applied clear and convincing standard to appeal from denial of motion for directed verdict), *citing Fein v. R.P.H., Inc.*, 68 S.W.3d 260, 265 (Tex. App. – Houston [14th Dist.] 2002, pet. denied).  Given that the clear and convincing burden at the trial court level translates to a heightened standard of review for questions of legal sufficiency on appeal and given that a no-evidence motion for summary judgment is essentially a pretrial complaint of legal

insufficiency, the same heightened standard should apply to the review of Melden & Hunt's no-evidence motion regarding exemplary damages.

Melden & Hunt candidly acknowledges that some appellate courts have relied on the decision in *Huckabee v. Time Warner Entertainment Co.*, 19 S.W.3d 413, 421 (Tex. 2000) to reject the need for clear and convincing evidence of malice or gross negligence at the summary-judgment stage. *See, e.g., Hardy v. Bennefield*, 368 S.W.3d 643, 648-49 (Tex. App. – Tyler 2012, no pet.); *Klentzman v. Brady*, 312 S.W.3d 886, 904 n.18 (Tex. App. – Houston [1st Dist.] 2009, no pet.); *DR Partners v. Floyd*, 228 S.W.3d 493, 497 (Tex. App. – Texarkana 2007, pet. denied); *Pardo v. Simons*, 148 S.W.3d 181, 185-86 (Tex. App. – Waco 2004, no pet.); *Fort Worth Star-Telegram v. Street*, 61 S.W.3d 704, 708 (Tex. App. – Fort Worth 2001, pet. denied). However, these opinions all rely on *Huckabee*, which was decided in the context of a traditional summary judgment and not the subsequent no-evidence standard set forth above – a standard that expressly permits review on appeal against an elevated standard. 19 S.W.3d at 421-22. *Huckabee* also predates the Supreme Court's decision in *In re J.F.C.*, 96 S.W.2d 256, 264-66 (Tex. 2002), in which the Supreme Court applied a clear-and-convincing standard of review to a sufficiency determination for the first time.

While the Supreme Court subsequently applied the ordinary standard of review in the context of a no-evidence summary judgment in *Forbes, Inc. v.*

42

*Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003), it failed to recognize its holding in *In re J.F.C.* Similarly, the *Forbes* Court failed to acknowledge the identity between a no-evidence summary-judgment and a motion for directed verdict, to which a heightened standard of review on appeal does apply. *Id.* Since then, the Supreme Court has been requested at least twice to reconsider this stance; though other rulings obviated the need for the Court to address the issue. *Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 859 n.49 (Tex. 2005); *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 168 (Tex. 2004).

Melden & Hunt recognizes that this Court cannot avoid Supreme Court authority; and, thus, it simply preserves its ability to make this argument to the Supreme Court in the event necessary. Regardless, as will be demonstrated below, whether the evidence is viewed under a heightened appellate standard or under the ordinary standard of review, the result is the same. The Garzas failed to produce any evidence, much less clear and convincing evidence, to support a claim for exemplary damages under either a malice or gross negligence theory.

### 4. The Garzas Failed to Raise a Fact Issue on Malice or Gross Negligence

Assuming the Court were to overlook the Garzas' clear waiver of any challenge to the summary judgment on their claim for exemplary damages as outlined above, the evidence they produced was wholly insufficient to establish a fact issue as to either malice or gross negligence. As the Garzas acknowledge on

43

appeal, malice requires proof of a "specific intent by the defendant to cause substantial injury or harm to the claimant." TEX. CIV. PRAC. & REM. CODE § 41.001(7) (West 2014). Gross negligence requires proof of an "act or omission (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11) (West 2014). "'[E]xtreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). The defendant must not only know of that risk, but its acts or omissions must demonstrate indifference to the consequences. *Id.*

As proof of malice and gross negligence, the Garzas refer to four deposition excerpts, during which the deponents testified that Melden & Hunt designed the drainage system, that Melden & Hunt knew the Garzas' lot sat lower than any other house in the subdivision, that Melden & Hunt knew that water would run from west to east (the same slope as the Garzas' property), and that it would be unreasonable for a homeowner to have to deal with continuous flooding. (*CR 180, 182-85, 187-90, 207-08*) These excerpts – either individually or taken together –

44

constitute no evidence of malice or gross negligence. Nothing in any of these depositions excerpts points to a specific intent on the part of Melden & Hunt to cause the Garzas substantial harm. Nothing in any of these deposition excerpts points to any likelihood of serious injury, to knowledge on the part of Melden & Hunt of any extreme risk of substantial injury, or to any conscious indifference on the part of Melden & Hunt to an extreme degree of risk of substantial injury.[10]

The Garzas were obligated to establish breach of the governing standard of care through expert testimony. *See, e.g.*, *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 91 (Tex. 2004) (expert testimony required where industry standards are not within layperson's knowledge). There is absolutely no discussion in any of these deposition excerpts regarding the applicable standard of care or its breach. *See, e.g., Parkway Co. v. Woodruff*, 857 S.W.2d 903, 919 (Tex. App. – Houston [1st Dist.] 1993) (plaintiff failed to offer expert testimony that the engineering design did not meet professional standards), *aff'd as modified*, 901 S.W.2d 434 (Tex. 1995). Three of the deposition excerpts are from Fred Kurth, a Melden & Hunt engineer who, while certainly qualified in his field, never testified regarding the applicable standard of care nor to its breach.[11]

---

[10] Here, too, the Garzas have failed to support their contentions with any discussion of relevant authority, contrary to the mandate of Texas Rule of Appellate Procedure 38.1(i).

[11] Curiously, the Garzas do not cite to the testimony of their own experts to raise a fact issue on malice or gross negligence – perhaps because those exhibits (5, 18, and 19) were inadmissible as wholly conclusory and incompetent summary-judgment evidence. *See HIS Cedars Treatment*

The Garzas offered no evidence that the slope of the land and the flow of surface water was virtually certain to result in substantial injury or of any flooding of the Garzas' lot or home once built or that Melden & Hunt knew of the likelihood or intended that result. Instead, the Garzas' summary-judgment evidence demonstrates that the volume of water directed towards the Garzas' lot resulted from factors that occurred *after* Melden & Hunt completed its work and depended upon how the other lots in the subdivision were graded in connection with the construction of homes – precluding satisfaction of any intent element or of either the objective or subject prongs of gross negligence. (*CR 220-21*)

Specifically, the cited "evidence" fails to make any reference to the expected nature of any harm from a prospective point of view – and certainly not to any "extreme" risk of "substantial" injury. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008) ("[T]he risk must be examined prospectively from the perspective of the actor, not in hindsight"); *Smith v.*

---

*Ctr. v. Mason*, 143 S.W.3d 794, 803 (Tex. 2004); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 126 (Tex. App. – Houston [1st Dist.] 2002, pet. denied) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion"); *see also Branton v. Wood*, 100 S.W.3d 645, 648 (Tex. App. – Corpus Christi 2003, no pet.) ("[A]n objection to the conclusory nature of summary-judgment evidence is an objection to the substance of the evidence that may be raised for the first time on appeal."). For example, affiant Gerard Duhon references only his vague and unidentified "observations, measurements, and experience" that the Garzas' home was being flooded due to deficiencies in the development drainage. (*CR 121*) Moreover, he nowhere identified the applicable standard of care or how Melden & Hunt breached it. (*CR 120-21*) Similarly, Raymond Helmer opined that the lots were improperly graded, though he admitted that he did nothing to determine whether they were properly graded or not and offered no facts in support of that opinion. (*CR 212, 218, 220-21*) Regardless, neither witness offered any evidence of the necessary culpability and mental state required for a showing of malice or gross negligence, particularly given their use of hindsight.

*O'Donnell*, 288 S.W.3d 417, 423 (Tex. 2009) ("'Extreme risk' is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff"). Indeed, only if the defendant's act or omission is "unjustifiable" and likely to cause serious harm can it be grossly negligent, much less malicious. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994). The Garzas failed to point to any such evidence of a known or intended extreme risk of substantial injury and never identified just what act or omission on the part of Melden & Hunt is at issue, other than generally referring to the work Melden & Hunt was hired to do in connection with the subdivision.[12]

At its core, the Garzas' evidence offers nothing more than the truism that water flows downhill, combined with the location of the Garzas' lot downhill. That uninformative contention cannot be the basis for an award of exemplary damages without further proof of culpability and the requisite mental state. Without specific evidence demonstrating what, if anything, Melden & Hunt supposedly did or did not do to cause the Garzas injury and without evidence that such act or omission was intended to cause substantial injury to the Garzas or that Melden & Hunt knew such substantial injury was virtually certain to occur but

---

[12] Though the Garzas assert in their brief that this evidence demonstrates that Melden & Hunt designed the drainage plan for the subdivision such that water flowed toward the Garzas' lot rather than to the street and into the municipal draining system, the cited excerpts say nothing of the kind. There is no evidence that Melden & Hunt intentionally designed the drainage plan to cause substantial flooding to the Garzas' property nor that Melden & Hunt was aware of an extreme degree of risk that substantial injury would occur and yet acted with conscious indifference.

47

acted with conscious indifference nevertheless, the Garzas simply cannot prevail on a claim for exemplary damages. The summary judgment must be affirmed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Melden & Hunt, Inc. respectfully requests that this Court affirm the trial court's judgment and that the Court grant Appellee such other and further relief to which it is entitled.

Respectfully submitted,

GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
Henry B. Gonzalez III
State Bar No. 00794952
Taylor Williams
State Bar No. 24056536
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216
(210) 569-8500
(210) 569-8490 (telecopier)
hbg@gcaklaw.com
twilliams@gcaklaw.com

THE LAW OFFICE OF JACQUELINE M. STROH, P.C.
Jacqueline M. Stroh
State Bar No. 00791747
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)
jackie@strohappellate.com

By:  /s/ Jacqueline M. Stroh
        Jacqueline M. Stroh

ATTORNEYS FOR APPELLEE, MELDEN & HUNT, INC.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the undersigned certifies that this brief complies with the type-volume limitations and that, exclusive of the exempted portions, the brief contains 12,458 words (counting all

appropriate footnotes) and that the brief has been prepared in proportionally-spaced typeface using Times New Roman Font 14 in body text and Font 12 in footnotes.

/s/ Jacqueline M. Stroh
Jacqueline M. Stroh

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Amended Brief of Appellee was on this 3rd day of February, 2015, served by in accordance with the Texas Rules of Appellate Procedure on the following counsel of record:

Alberto T. Garcia, III
Adrian R. Martinez
Garcia & Martinez, L.L.P.
6900 N. 10th Street, Suite 2
McAllen, Texas 78504
albert@garmtzlaw.com
adrian@garmtzlaw.com
*Counsel for Appellants*

/s/ Jacqueline M. Stroh
Jacqueline M. Stroh

Not Reported in S.W.3d, 2013 WL 3517743 (Tex.App.-Corpus Christi)
**(Cite as: 2013 WL 3517743 (Tex.App.-Corpus Christi))**

Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**

Court of Appeals of Texas,
Corpus Christi–Edinburg.
MELDEN & HUNT, INC., Appellant,
v.
Alberto R. GARZA and Leticia I. Garza, individually and as next friends of Alexandra I. Garza and Kassandra R. Garza, Appellees.

No. 13–11–00594–CV.
July 11, 2013.

On appeal from the 92nd District Court of Hidalgo County, Texas. Ricardo P. Rodriguez, Jr., District Judge.
Henry B. Gonzalez, III, Gonzales, Chiscano, Angulo & Kasson, P.C., Sharon E. Callaway, Crofts & Callaway, San Antonio, TX, for Appellant.

Alberto T. Garcia, III, Adrian Rafael Martinez, Garcia & Martinez, Edinburg, TX, for Appellees.

Before Chief Justice VALDEZ, and Justices BENAVIDES, and PERKES.

**MEMORANDUM OPINION**
Memorandum Opinion by Justice PERKES.
**\*1** Melden & Hunt, Inc., a surveying and engineering firm, appeals from a trial court order denying its motion to dismiss pursuant to section 150.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002 (West 2003). By three issues, Melden & Hunt argues: (1) the trial court abused its discretion in denying the motion to dismiss because the affiant did not practice in the same area of practice as Melden & Hunt and the certificate of merit was un-

timely filed; (2) statements made in Melden & Hunt's summary judgment motion on statutes of repose and limitations were not judicial admissions with respect to the date the Garzas' causes of action accrued; and (3) the Garzas were not entitled to a good-cause extension under § 150.002 of the Texas Civil Practice and Remedies Code. We dismiss this interlocutory appeal for lack of jurisdiction.

**I. BACKGROUND**
Alberto and Leticia Garza, individually and as next friends of Alexandra I. Garza and Kassandra R. Garza ("the Garzas"), filed suit against Melden & Hunt and Gary Burch d/b/a/ Burch Construction, Inc. on April 22, 2008, urging that Melden & Hunt had negligently prepared the survey of their home in the Chateau Estates subdivision and negligently furnished and finished the floor elevation of their home, causing the home to flood several times in 2007. The Garzas claimed a total loss in value to their home, mold issues, and associated health problems. On December 4, 2008, the Garzas filed a certificate of merit that had been prepared by Gerard H. Duhon, who stated that he practiced in the same engineering field as Melden & Hunt. Duhon opined that Melden & Hunt failed to direct surface drainage from surrounding properties away from the Garzas' home and failed to provide for drainage of water from the home.

On June 1, 2010, Melden & Hunt filed a motion to dismiss, stating that the certificate of merit did not comply with section 150.002 of the Texas Civil Practice and Remedies Code. *See id.* § 150.002. Melden & Hunt later supplemented its motion to dismiss, urging that the certificate of merit was also untimely filed.

Melden & Hunt had previously filed a traditional and no-evidence motion for summary judgment on grounds that the claims were barred by statutes of repose and limitations because at least ten years had elapsed since the completion of the survey work on Chateau Estates. The trial court

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in S.W.3d, 2013 WL 3517743 (Tex.App.-Corpus Christi)
**(Cite as: 2013 WL 3517743 (Tex.App.-Corpus Christi))**

denied the motion for summary judgment, which is not before us in this appeal. The trial court also held a hearing on the motion to dismiss and denied it. This appeal ensued.

## II. APPELLATE JURISDICTION

Melden & Hunt seeks to appeal from an interlocutory order; however, interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *see also Hughes v. Bay Area Montessori House, Inc.,* No. 14–09–00410–CV, 2010 WL 862861, at *1 (Tex.App.-Houston [14th Dist.] March 11, 2010, no pet.) (mem.op.). Appellate courts are obligated to review *sua sponte* issues affecting their own jurisdiction. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex.2004); *see also Garcia v. State Farm Lloyds,* 287 S.W.3d 809, 812 (Tex.App.-Corpus Christi 2009, pet. denied). When construing a statute that establishes appellate jurisdiction, this court cannot expand its jurisdiction beyond that conferred by the legislature. *Jani–King of Memphis, Inc. v. Yates,* 965 S.W.2d 665, 668 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *see also Hughes,* 2010 WL 862861, at *1.

**\*2** Chapter 150 of the Texas Civil Practice and Remedies Code is the only statute that might provide Melden & Hunt with an interlocutory appeal in this case. However, the original version of this statute did not provide for an interlocutory appeal from a trial court's denial of a motion to dismiss for failure to comply with Chapter 150. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97 (amended 2005, 2009); *see also Hughes,* 2010 WL 862861, at *1. The 2009 amendments to Chapter 150 apply "only to an action or arbitration filed or commenced on or after the effective date of this Act [September 1, 2009]." Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 3, 4, 2009 Tex. Sess. Law Serv., ch. 789 (S.B.1201); *see also Hughes,* 2010 WL 862861, at *1. The action in this case was filed before September 1, 2009. The 2005 amendments to Chapter 150 that provide for an interlocutory ap-

peal apply "only to a cause of action that accrues on or after the effective date of this Act [September 1, 2005]." Act of May 18, 2005, 79th Leg., R.S., §§ 4, 5 ch. 208, 2005 Tex. Gen. Laws 369, 370; *see also Hughes,* 2010 WL 862861, at *1. Therefore, we have appellate jurisdiction in this case only if the Garzas' cause of action accrued on or after September 1, 2005.

## III. ACCRUAL OF CAUSE OF ACTION

The determination of when a cause of action accrues is a legal question. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). Generally, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a claimant to seek a judicial remedy. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex.2003); *see also Hughes,* 2010 WL 862861, at *2 (citing *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120 (Tex.2001)). This principle applies even if all resulting damages have not yet occurred. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996); *see also Hughes,* 2010 WL 862861, at *2. In cases involving allegedly faulty professional advice, the claimant suffers legal injury when the advice is taken. *Murphy v. Campbell,* 964 S.W.2d 265, 270 (Tex.1997).

Presuming, for the sake of argument only, that the discovery rule applies, then the Garzas' cause of action accrued when they knew or in the exercise of ordinary diligence should have known of Melden & Hunt's alleged negligence and the alleged injury resulting therefrom. *See id.* at 271. The undisputed evidence shows that before September 1, 2005, all of the following occurred: (1) Melden & Hunt completed its survey, supervision, and any grading work for the home; (2) Alberto Garza purchased the home from the builder in November 1998; (3) according to Alberto Garza's sworn testimony, in the summer of 1999 or 2000, the Garzas experienced "ponding" in their backyard that prompted Alberto to call the builder and to "plead" with the builder "for assistance with the ponding;" (4) the Garzas' former neighbor, Rosendo Hinojosa, testified at his

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in S.W.3d, 2013 WL 3517743 (Tex.App.-Corpus Christi)
**(Cite as: 2013 WL 3517743 (Tex.App.-Corpus Christi))**

deposition that prior to December 2004, Alberto Garza complained to him about water from the backyard coming inside the home and flooding the family room; and (5) prior to March 2005, Hinojosa witnessed Alberto building a "berm" around his house 'to prevent another flooding incident.' Therefore, we conclude that the Garzas cause of action accrued before September 1, 2005. *See Hughes,* 2010 WL 862861, at *2.

### IV. CONCLUSION

*3 Even if the discovery rule applies, the Garzas' cause of action accrued before September 1, 2005. Because the cause of action accrued before September 1, 2005, the version of Chapter 150 effective before this date applies to this case. *See* Act of May 18, 2005, 79th Leg., R.S., §§ 4, 5, ch. 208, 2005 Tex. Gen. Laws 369, 370. That version does not provide for an interlocutory appeal from the denial of a motion to dismiss under Chapter 150. *See* Act of 2003, 78th Leg. R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 896, 897 (amended 2005, 2009); *see also Hughes,* 2010 WL 862861, at *2. Accordingly, we lack appellate jurisdiction, and we dismiss this appeal.

Tex.App.-Corpus Christi,2013.
Melden & Hunt, Inc. v. Garza
Not Reported in S.W.3d, 2013 WL 3517743 (Tex.App.-Corpus Christi)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

**TEXAS RULE OF CIVIL PROCEDURE 166a**

**(a)  For Claimant.**  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

**(b)  For Defending Party.**  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

**(c)  Motion and Proceedings Thereon.**  The motion for summary judgment shall state the specific grounds therefor.  Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.  Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.  No oral testimony shall be received at the hearing.  The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.  Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.  A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

**(d)  Appendices, References and Other Use of Discovery Not Otherwise on File.**  Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or

a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

**(e)   Case not Fully Adjudicated on Motion.**   If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

**(f)  Form of Affidavits; Further Testimony.**  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.  Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

**(g)  When Affidavits Are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(h)  Affidavits Made in Bad Faith.**  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**(i) No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.